UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION           99 FEB 19 AM 11:40

Unsealed

Case No. 98-101-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARIA ELENA LLEDO,

    Defendant.

_____/

## MOTION FOR DOWNWARD SENTENCING DEPARTURE
## FILED UNDER SEAL

    The United States, by and through the undersigned Assistant United States Attorney, files this motion for downward sentencing departure with respect to defendant MARIA ELENA LLEDO, and states the following:

1.    The defendant entered a guilty plea to a one-count information charging her with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Sentencing is presently set on February 19, 1999.

2.    As part of her plea agreement, the defendant agreed to cooperate with the government in the investigation and prosecution of other criminal matters. The defendant began cooperating with the United States since the date of her original arrest in 1993. Because of the nature and extent of the defendant's cooperation prior to the time she entered her guilty plea, the United States agreed as part of the plea agreement that the efforts she had expended constituted substantial assistance for purposes of Section 5K1.1, that the government would file a motion for

a downward departure prior to sentencing and that the government would recommend that the court impose a sentence of probation if the Section 5K1.1 motion is granted.

3.  The defendant has provided information and testimony in significant cases which have lead to large drug and money seizures and the convictions of numerous high-level drug traffickers. The defendant has cooperated in the following matters, among others:

In *United States v. Blarek*, 97 CR 544, Eastern District of New York, the defendant provided information and testimony over a four-year period, including trial testimony, which resulted in the conviction of high-level money launderers and the seizure and forfeiture of millions of dollars in assets. A letter from a federal prosecutor assigned tot he case is attached hereto. In a separate investigation, the defendant provided information concerning a drug trafficking organization which lead to the prosecution of five defendants and the seizure of approximately 200 kilograms of cocaine, more than $1 million in cash, two automobiles and a machine gun. This case was followed by a related investigation, in which the defendant's assistance lead to the arrest of another nineteen traffickers and the seizure of $241 kilograms of cocaine and $50,000 cash. Additionally, the defendant has traveled at her own expense to locations including Colombia, Venezuela and Puerto Rico to meet with targets of drug trafficking and money laundering organizations. She has taped conversations with drug traffickers and money launderers and placed herself at great risk. She has cooperated in a number of additional investigations and continues to do so.

4.  Due to the sensitive nature of this information and the risk to the defendant, law enforcement officers and the integrity of pending criminal investigations, the government requests that this motion, the sentencing hearing and all related matters be SEALED.

WHEREFORE the United States respectfully requests that the Court depart downward from the applicable sentencing guideline range set forth in the defendant's presentence investigation report and impose a sentence of probation.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
RICHARD E. GETCHELL
ASSISTANT UNITED STATES ATTORNEY
FLA. BAR NO. 817643
8245 N.W. 53rd Street, Suite 101
Miami, Florida 33166
(305) 597-1973
(305) 597-2020 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by facsimile this /7 day of February 1999 to:

Alan S. Ross, Esq.
Lawyers Plaza - Fourth Floor
2250 S.W. 3rd Avenue
Miami, Florida 33129-2095

Suzanne Ferreira
U.S. Probation Officer
301 North Miami Avenue
Miami, Florida 33132-2126

_____
RICHARD E. GETCHELL
ASSISTANT UNITED STATES ATTORNEY

3



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

APH:RW:rw/lledo.5k

*One Pierrepont Plaza*
*Brooklyn, New York 11201*
*Mailing Address: 147 Pierrepont Street*
*Brooklyn, New York 11201*

February 12, 1999

Richard Getchell, Esq.
Assistant U.S. Attorney
United States Attorney's Office
Southern District of Florida
8245 NW 53rd St.
Miami, Florida 33132

      Re: United States of America v. Maria Elena-Lledo
           <u>Case No.: 98-101 CR- Ungaro-Benages</u>

Dear Mr. Getchell:

      This letter is submitted to advise that you may include this letter, or the information contained herein, with your 5k1.1 motion to the Honorable Ungaro-Benages. This Office supports the downward departure motion by your district on the basis of the defendant's substantial assistance to the government in the prosecution of <u>United States v. Blarek and Pellecchia</u>, 97 CR 544 (E.D.N.Y., Weinstein, J.).

      In 1993, agents of the Drug Enforcement Administration ("DEA") and the Internal Revenue Service ("IRS") commenced an investigation into the money laundering activities of Antony Alexander Blarek and Frank Pellecchia. Blarek and Pellecchia were interior designers and decorators who became money launderers for Jose Santacruz Londono ("Santacruz"), one of the most notorious drug traffickers of this quarter century. Santacruz was one of the heads of the Cali drug cartel until his death in 1996 when he was killed in a shootout while attempting to escape from prison in Colombia. During the fifteen years that the defendants worked for Santacruz, they laundered millions of dollars of drug money. The government's theory underlying its prosecution was that the defendants knowingly and intentionally conspired with Santacruz and others to launder millions of drug proceeds for the drug lord by converting huge amounts of drug cash -- delivered to them secretly in satchels, bags and suitcases or wired from foreign bank accounts -- into assets which could be sent to Santacruz.

      During the course of this investigation, the DEA and IRS learned that Ms. Lledo,

2

who was an active confidential informant for the DEA in Miami, might have information concerning Blarek and Pellecchia. Beginning in 1993 to 1997, Ms. Lledo met with Federal agents on numerous occasions to discuss her involvement with Blarek and Pellecchia. Agents learned that Blarek and Pellecchia used the services of Ms. Lledo, who worked as a freight forwarder in Florida, to deliver merchandise to Santacruz in Cali, Colombia. Ms. Lledo provided significant information about Blarek and Pellecchia's money laundering activities for the Santacruz faction of the Cali cartel.

Because of Ms. Lledo's business and personal relationship with Blarek and Pellecchia, it was determined that she could obtain consensually recorded conversations with them. On two separate occasions, Ms. Lledo recorded conversations with the defendants about their involvement with Santacruz Londono and the money laundering that they performed for him. In fact, these tapes were played for the jury during the trial of Blarek and Pellecchia and proved to be very powerful evidence. In the sentencing memorandum, judgment and order, Judge Weinstein stated that the [t]aped telephone conversations between defendant Blarek and a government witness [Ms. Lledo] unequivocally proved that both defendants were aware of the nature of Santacruz's business, and that, if caught, they would attempt to conceal the fact they were engaged in illegal activity for the drug trafficking organization." In addition, the Second Circuit Court of Appeals, in affirming the judgments of convictions, stated "[a]nd, upon hearing of Santacruz's death in a shootout in 1996, a government informant [Ms. Lledo] recorded Blarek's musings about how the designers should go about covering up their links to the drug lord." Further, Ms. Lledo agreed to introduce an undercover DEA agent to Blarek and Pellecchia at their residence in San Francisco, California. She did this despite the fact that she was placing herself in a potentially dangerous situation. Ms. Lledo also traveled on various occasions, often at her own expense, to meet with the government to provide information about the investigation and prepare for her testimony at trial.

In March of last year, a jury in the Eastern District of New York convicted both Blarek and Pellecchia of RICO conspiracy in violation of 18 U.S.C. § 1962(d) and money laundering conspiracy in violation of 18 U.S.C. §§ 371 and 1956(h). Blarek was also convicted of distributing the proceeds of a narcotics enterprise in violation of the Travel Act. The Honorable Jack B. Weinstein sentenced Blarek to 68 months imprisonment and Pellecchia to 48 months imprisonment. In addition, the government forfeited approximately 6 million dollars in assets, which included the defendants' home in Sea Cliff, San Francisco, millions in drug cash stored in safe deposit boxes, bank and stock accounts and personal property consisting of art, furniture, and vehicles. Blarek was also fined $305,186, which represented his entire net worth after the forfeiture to the government. Recently, the Second Circuit Court of Appeals affirmed the judgment of convictions entered against Blarek and Pellecchia.

This Office views Ms. Lledo's assistance in the successful prosecution of Blarek and Pellecchia as extremely valuable. Ms. Lledo's willingness to assist the government in this prosecution is evidenced by the numerous documents that she provided, the consensually taped telephone conversations, the introduction of the undercover agent to Blarek and Pellecchia and

3

meetings with Federal agents. This Office believes that Ms. Lledo's assistance was more than substantial within the meaning of Section 5K1.1 of the U.S. Sentencing Guidelines and is worthy of strong consideration by both your office and the district court.

                                        Very truly yours,

                                        ZACHARY W. CARTER
                                        United States Attorney

By:                                
                                        Richard Weber
                                        Assistant U.S. Attorney
                                        (718) 254-6033

```
                                             [vdkttext]

                              Case Selection
Dkt type: cr   Case Number: 98-101       Division: 1    Miami
 Title :  USA                    .V.  Lledo




Filed       Entry Date  Last Update      History ID      Docketed by
2/19/99      2/19/99      **/**/**        3317429            nt
     +------------------------------------------------------------+
        SEALED DOCUMENT as to Maria Elena Lledo




     +viewing docket text------------------------    -----     -------+
Transaction: kseal doc -/ -/ - - -

 Command mode (? for commands)
```

```
                                                       [vdkttext]

                              Case Selection
Dkt type: cr   Case Number: 98-101       Division: 1   Miami
 Title :  USA                      .V.   Lledo




Filed      Entry Date  Last Update     History ID     Docketed by
11/18/98    12/29/98    **/**/**        3240362           gz
    +---------------------------------------------------------+
       SEALED DOCUMENT as to Maria Elena Lledo




     +viewing docket text------------------------------        +
Transaction: kseal doc -/ -/ - - -

 Command mode (? for commands)
```